IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2012-D

| | |
|---|---|
| DOUGLAS ARTHUR COUPAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WARDEN REVELL, ) | |
| ) | |
| Respondent. ) | |

On January 25, 2010, Douglas Arthur Coupar ("Coupar" or "petitioner"), a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. On April 27, 2010, the court reviewed Coupar's petition and several motions and allowed Coupar to proceed with his claim concerning the length of his confinement, but denied Coupar's motions and dismissed without prejudice Coupar's claims regarding the conditions of his confinement [D.E. 7]. On May 6, 2010, Coupar filed a motion for reconsideration of the court's denial of his motion to allow him to prosecute the case [D.E. 9]. On May 12, 2010, Coupar filed a motion for return of legal materials [D.E. 11]. On June 3, 2010, respondent filed a motion to dismiss or for summary judgment [D.E. 15]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Coupar about the motion to dismiss or for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 17]. On June 24, 2010, Coupar filed a response in opposition [D.E. 18].

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the

complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

When Coupar filed this petition, he was incarcerated at the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner"). See Pet. at 9.[1] Coupar's remaining habeas claim arose during his confinement at the Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP-Springfield"). On April 28, 2009, a staff member at MCFP-Springfield charged Coupar with a disciplinary infraction, alleging in an incident report that Coupar refused an order and had unauthorized contact with an outside contractor who was working on a project at MCFP-Springfield.

---

[1] Coupar has since been released to a halfway program in San Pedro, California. See Bureau of Prisons Inmate Locator, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch &needingMoreList=false&IDType=IRN&IDNumber=77509-012 (last visited Feb. 21, 2011). Coupar has failed to notify the court of his change of address, as required by Local Civil Rule 83.3, EDNC. The court cautions Coupar to comply with the local rules of this court.

Pet. at 4–8; see Cox Decl. ¶ 7 & Att. 3 (incident report). Coupar was provided with a copy of the incident report on the same day and was advised of his rights with respect to the disciplinary process. Cox Decl., Atts. 3–4 (DHO report). A Unit Disciplinary Committee reviewed the incident report and referred the charge to a disciplinary hearing officer ("DHO"), who held a hearing on May 12, 2009. Cox Decl. ¶ 8 & Att. 4. At Coupar's request, a staff representative assisted Coupar at the hearing. Cox Decl., Att. 4. The DHO found Coupar guilty of refusing an order based on the incident report and a staff member's eyewitness account and sanctioned Coupar with (among other things) the loss of fourteen days of good conduct time. Id. Coupar was notified of his right to appeal the DHO's finding, and received a written report of the DHO's decision on June 10, 2009. Id. Coupar appealed through the Bureau of Prisons' grievance process, and exhausted his administrative remedies. Cox Decl. ¶ 9 & Att. 5. The DHO's decision was upheld at all levels of the administrative remedy process. Id.

Coupar challenges the disciplinary process. Pet. at 4–8. Coupar claims that the charge was filed against him in retaliation for his successful appeal of a previous disciplinary incident. Id. at 4–5. Coupar also claims that the DHO denied his requests for evidence which would have established his innocence of the charge. Id. at 7–8. When Coupar was advised of the disciplinary charge, he indicated that he wished to have "STAFF–" as witnesses at the hearing, but did not name any staff or indicate what their testimony would be. Mem. Opp. Mot. Dismiss, Ex. A. However, Coupar did not request any witnesses at the May 12 hearing, and never appealed this issue. Cox Decl., Atts. 4–5.

Certain procedural safeguards apply when loss of statutory good time credit is at issue. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Under Wolff, an inmate is entitled to the following: (1) written notice of the charges at least twenty-four hours in advance of the hearing; (2) a written

3

statement by the factfinder as to the evidence relied on and reasons for disciplinary action; and (3) to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 563–66. Additionally, DHO findings revoking a prisoner's good-time credit must be supported by "some evidence in the record." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454–56 (1985). Federal courts, however, will not review the accuracy of the DHO's fact finding de novo or for clear error. See Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [DHO]." Id. (quotation omitted).

MCFP-Springfield provided Coupar with all of the procedural protections to which he was entitled. See Cox Decl., Atts. 3–5. As for Coupar's challenge to the sufficiency of the evidence that the DHO considered in finding that he violated the disciplinary code, the DHO relied on an eyewitness statement. This evidence satisfies the "some evidence" standard. See, e.g., Hill, 472 U.S. at 454–56; Baker, 904 F.2d at 932. Thus, Coupar has failed to state a claim upon which relief may be granted.

As for Coupar's motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b), Coupar seeks to revisit the court's disposition of his "motion for order to allow petitioner to prosecute the instant case" and contends that the court incorrectly construed the motion as one to amend his petition. Mot. Reconsider at 2. Rule 60(b) authorizes the court to "relieve a party . . . from a *final* judgment, order, or proceeding . . . ." Fed. R. Civ. P. 60(b) (emphasis added); see Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991) ("Rule 60(b) affords relief only from a judgment, order, or proceeding which is *final*." (emphasis in original)). Thus, in ruling on a motion for reconsideration of an interlocutory order, as here, Rule

4

60(b) does not apply. Fayetteville Investors, 936 F.2d at 1473–74.

Although Rule 60(b) does not apply, the court has wide discretion to determine whether to set aside interlocutory orders at any time prior to the entry of a final judgment. See, e.g., Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003); Fayetteville Investors, 936 F.2d at 1469. Before a final order is entered, "a district court retains the power to reconsider and modify its interlocutory judgments." Am. Canoe Ass'n, Inc., 326 F.3d at 514–15; see Fed. R. Civ. P. 54(b).

Here, nothing warrants reconsidering the court's order. Thus, petitioner's motion for reconsideration is denied.

Finally, the court addresses Coupar's "motion for return of legal materials." Coupar alleges that on May 6, 2010, a correctional officer at FCI-Butner seized Coupar's case file which contained all filings in the instant case, documents establishing Coupar's exhaustion of remedies, an affidavit from a witness, and a photocopier card. Mot. Return Legal Materials at 1–2. Respondent does not contest Coupar's exhaustion of remedies with regard to the claim in his petition, and thus there is no need for Coupar to demonstrate exhaustion of remedies. Moreover, on June 24, 2010, Coupar filed a response to the motion to dismiss or for summary judgment which clearly addresses the arguments raised in the respondent's memorandum and includes a copy of his notice of disciplinary hearing as an exhibit. Thus, the court concludes that Coupar has not shown any prejudice, and denies his motion to return legal materials.

For the reasons stated, the court DENIES petitioner's motion for reconsideration [D.E. 9] and motion for return of legal materials [D.E. 11]. The court GRANTS respondent's motion to dismiss or for summary judgment [D.E. 15]. Petitioner's application for habeas corpus relief is DISMISSED. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The Clerk

5

of Court is DIRECTED to close this case.

SO ORDERED. This 21 day of February 2011.

JAMES C. DEVER III
United States District Judge